### HARE VS. SEBASTIAN COUNTY, F. S. D.

JAILOR: *His compensation:  Employment of guards.*

Provision is made for the jailor's compensation for keeping prisoners, by fees; but there is no statute allowing him a salary upon the certificate of the sheriff, of his services. If the jail be unsafe the county court may authorize the sheriff to employ guards.

APPEAL from *Sebastian* Circuit Court.

Hon. J. A. ROGERS, Circuit Judge.

*Du Val & Cravens*, for appellant.

ENGLISH, C. J. On the tenth of July, 1877, John Hare filed for allowance in the county court of Sebastian county, Fort Smith district, the following account:

SEBASTIAN COUNTY, FORT SMITH DISTRICT, ·
    To John Hare, Deputy Sheriff and Jailor,    Dr.
To service as jailor for the Fort Smith district
    of Sebastian county from the twenty-ninth
    day of January, 1876, to the first day of
    July, 1877, @ $75 per month, one year and
    five months..........................................$1,275.00

To which account was attached the following affidavit:

" I, John Hare, do solemnly swear that the above account is just and correct, and that no part thereof has been previously paid; that the services charged for were actually rendered, and that the charge made therefor does not exceed the amount allowed by law, or customary charges for similar services, when estimated and paid in lawful money of the United States, and that such account is not enlarged, enhanced or otherwise made greater in consequence or by reason of any estimated, supposed or real depreciation in value of county warrants."

The affidavit was made before the clerk, and subscribed by Hare.

To the account was also attached the following certificate:

" I, H. J. Falconer, sheriff of Sebastian county, do certify that John Hare was, and has been, appointed jailor of the jail in and for the Fort Smith district by me; and was acting as such during the time above charged for; that the

services above charged for by said John Hare as jailor were actually and necessarily rendered as therein charged for; and were absolutely necessary for the safe custody of the prisoners under my charge.

"H. J. FALCONER, Sheriff."

The matter was heard by the county court in November, 1877, and the court refused to allow the account, and Hare appealed to the circuit court for the Fort Smith district.

At the March term, 1878, the matter was submitted to the court sitting as a jury, by consent, and the court found and rendered judgment as follows:

"The court, etc., doth find that the said John Hare was, during the period charged for in the account, jailor of the jail situated in the Fort Smith district under the sheriff of Sebastian county, and that the services were rendered, but the court also finds that there is no provision in law for paying for such services. It is, therefore, considered by the court that the judgment of the county court, etc, disallowing said account, be affirmed."

Hare obtained grant of appeal by the clerk of this court.

There was no motion for a new trial, and no bill of exceptions.

1. JAILOR: His compensation. Employment of guards.

The sheriff is authorized to appoint a jailor, and provision is made for his compensation for keeping prisoners by fees, etc. *Gantt's Dig*, *chap. 77, and later fee Acts.* If the jail is unsafe, the county courts may authorize the sheriff to employ guards, etc. *Dig*, *sec. 3575.*

But we find no statute, and none is cited by counsel for appellant, requiring the county court to allow the jailor a salary of $75 per month, on such certificate of the sheriff as is appended to appellant's account.

If, in any case, the county court has discretion to allow the jailor extra compensation, as insisted for appellant,

there is no evidence brought upon record in this case to show that the county court abused such discretion in disallowing appellant's claim, or that the circuit court abused its discretion in affirming the judgment of the county court on the trial *de novo.*

There is no error upon the face of the judgment of the circuit court, and it must be affirmed.